IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christina Webb and Jennifer Rufus Webb,<br>　　　　　　　　Plaintiffs,<br>vs.<br>Ardaugh Glass, Inc..,<br>　　　　　　　　Defendant. | **JURY DEMAND** |

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C §2601 *ET SEQ.*

Plaintiffs, Christina and Jennifer Webb, for their Complaint against Defendant Ardaugh Group, allege and state as follows:

### INTRODUCTION

1. On February 23, 2016, as a result of harassment by a manager, Plaintiff, Christina Webb took FMLA leave which was approved. Christina was released to return to work on March 23, 2016. However, Christina was not permitted to return to work. Defendant put Christina off for several weeks before demanding a fitness for duty examination which it then took another several weeks to schedule. Christina took a fitness for duty examination, but the doctor the Company had chosen asserted that because she had been diagnosed with PTSD, she needed to see a specialist. Christina then had a second fitness for duty examination by a specialist and was declared fit for duty in spite of the PTSD. Christina was never permitted to return to work however, and on May 25, 2016, was terminated on a claim that the leave for February 23, 2016 was unapproved.

2. Plaintiff Jennifer Rufus Webb, is Christina's wife. Jennifer applied for a leave of absence to care for her wife which was granted. In August of 2016, Jennifer was terminated in retaliation for seeking that leave.

1

## THE PARTIES

3. Plaintiff, Christina Webb (hereinafter "Chris Webb" or "Chris"), was, at all times relevant to this complaint, an employee within the meaning of the Family and Medical Leave Act, 29 U.S.C §2611(2).

4. Plaintiff, Jennifer Rufus Webb (hereinafter "Jennifer Webb" or "Jennifer") was, at all times relevant to this complaint, an employee within the meaning of the Family and Medical Leave Act, 29 U.S.C §2611(2).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs claims against the Defendants pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6. Venue is proper in this District as the acts giving rise to this cause of action took place in this District and Defendant regularly conducts business in this District.

## FACTS

7. Chris Webb was suffering from sexual harassment at the hands of her supervisor.

8. In February of 2015, the supervisor formally asked her out on a "date".

9. Chris rejected him stating that she was already involved with someone.

10. The supervisor immediately turned on her becoming angry and distant. He yelled at her. He would walk past her without acknowledging her presence and would not look at her when talking to her.

11. In March of 2015, the supervisor gave her a performance improvement plan based on false accusations, and inconsistent with positive letters she was receiving from

others, including the plant operations manager. The supervisor's (retaliatory — for rejecting sexual advances) treatment of her continued into July of 2015.

12. Meanwhile, Chris made complaints of the supervisor's behavior to HR.

13. In August of 2015, Chris was formally diagnosed with post-traumatic stress disorder resulting from an incident unrelated to work.

14. She took FMLA leave in late 2015 returning to work on January 1, 2016.

15. When she returned to work, Chris requested that she be put on the "A" shift so that she could be on the same shift as Jennifer

16. As shifts ran as long as 12 hours with overtime, being put on different shifts meant that Chris and Jennifer could not be together outside of the workplace.

17. Worse, Chris needed Jennifer's support at home because of her PTSD.

18. The company at first seemed inclined to put Chris on the A shift, but Chris' supervisor refused and insisted that she go on C shift.

19. The supervisor continued his pattern of harassment, including yelling at Chris on a daily basis, getting in her face, and threatening her job.

20. Chris needed to take leave as a result of the additional stress placed on her by the supervisor. She sought FMLA and on paper it was granted.

21. The paperwork stated that the company counts FMLA time as spent during a particular calendar year and Chris had not taken time off during calendar year 2016.

22. Chris was released to return to work on March 23, 2016. However, she was not permitted to return to work.

23. Defendant put Chris off for several weeks before demanding a fitness for duty examination which it then took another several weeks to schedule.

24. She took a fitness for duty examination, but the doctor Defendant had chosen asserted that because she had been diagnosed with PTSD, she needed to see a specialist.

25. She then had a second fitness for duty examination by a specialist and was declared fit for duty in spite of the PTSD.

26. However, Chris was never permitted to return to work, and on May 25, 2016, was terminated on a claim that the leave for February 23, 2016 was unapproved.

27. Jennifer Webb requested FMLA leave later in the year to be available for Chris.

28. She was terminated in retaliation for that request.

## COUNT I

### CHRIS WEBB'S DEMAND FOR RELIEF FOR INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601 ET SEQ.,

29. Plaintiffs restate and re-allege paragraphs 1 through 28 as paragraph 29 of this Count I.

30. By virtue of the foregoing, Defendant Ardaugh Glass, Inc., violated the FMLA and Plaintiff Chris Webb has lost wages, salary, employment and other damages.

31. Defendants engaged in willful disregard of Plaintiff Chris Webb's rights under the FMLA were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff requests the following relief:

      a)      Enter judgment in Plaintiff's favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

      b)      Enter judgment in Plaintiff's favor and against Defendant for an equal amount in liquidated damages;

      c)      An award to Plaintiff of reasonable attorney's fees and costs; and

      d)      An award of such other and further relief as this Court deems just and equitable.

## COUNT II

### JENNIFER WEBB'S DEMAND FOR RELIEF FOR INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601 ET SEQ.,

32.      Plaintiffs restate and re-allege paragraphs 1 through 28 as paragraph *32 of this Count II.

33.      By virtue of the foregoing, Defendant Ardaugh Glass, Inc., violated the FMLA and Plaintiff Jennifer Webb has lost wages, salary, employment and other damages.

34.      Defendants engaged in willful disregard of Plaintiff Jennifer Webb's rights under the FMLA were not in good faith, thereby warranting liquidated damages, including interest.

      WHEREFORE, Plaintiff requests the following relief:

a) Enter judgment in Plaintiff's favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

b) Enter judgment in Plaintiff's favor and against Defendant for an equal amount in liquidated damages;

c) An award to Plaintiff of reasonable attorney's fees and costs; and

d) An award of such other and further relief as this Court deems just and equitable.

**PLAINTIFFS REQUEST A TRIAL BY JURY**

Respectfully submitted,

Christine and Jennifer Webb

By: /s/          Aaron B. Maduff

Aaron B. Maduff
Atty. No. 6226932
Maduff & Maduff, LLC
205 N. Michigan Ave.,
Suite 2050
Chicago, Illinois 60601
312/276-9000

Case: 1:18-cv-03557 Document #: 1 Filed: 05/18/18 Page 7 of 7 PageID #:7